# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **RAY DEMAUDESLEY,** | : | Case No. 1:26-cv-32 |
| Plaintiff, | : | |
| | : | JUDGE: |
| v. | : | |
| **THE EUCLID CHEMICAL COMPANY,** | : | **COMPLAINT AND JURY DEMAND** |
| Defendant. | : | |

Now comes Plaintiff Ray deMaudesley ("Plaintiff"), by and through counsel, and for his Complaint against Defendant The Euclid Chemical Company ("Defendant"), states as follows:

1. Plaintiff is a resident of Texas, and at all relevant times, was a Sales Representative working under contract with Defendant.

2. Defendant is a manufacturer of specialty chemical products for the concrete and masonry construction industry with its principal place of business located at 19215 Redwood Road, Cleveland, Ohio, 44110.

3. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## STATEMENT OF FACTS

4. Defendant markets and sells a line of decorative concrete products, including stamping tools, form liners, integral pigments, and overlays, under the brand name Increte.

5. In late 2021, Defendant sought to expand its decorative concrete business in the Central Texas region and wished to engage Plaintiff as an independent sales representative to solicit orders for its Increte-branded products.

6. Plaintiff agreed to relocate to Central Texas for that purpose and did so in reliance on Defendant's representation that he would receive commissions on sales of Increte Products generated through his efforts.

7. In April of 2022, the parties entered into an Independent Sales Representative Agreement (the "Agreement").

8. A copy of the Agreement is attached hereto.

9. Under the Agreement, Plaintiff was to serve as Defendant's independent sales representative and was entitled to commissions for sales of Increte Products that he procured.

10. The Agreement required Defendant to provide Plaintiff with monthly sales reports indicating Defendant's total sales for the prior month, the payments received, and the corresponding commissions owed to Plaintiff.

11. Despite this contractual requirement, Defendant did not provide Plaintiff with the required monthly reports.

12. Plaintiff successfully developed business in his assigned territory, including cultivating a relationship with Lauren Concrete, a large concrete supplier, and securing a five-year supply agreement with them in or about March 2024.

13. In addition to the Lauren Concrete agreement, Plaintiff generated multiple other sales and customer relationships in his territory, and Defendant owes commissions on all such sales

procured through Plaintiff's efforts, regardless of whether those commissions became due before or after termination.

14. On or about February 18, 2025, Defendant terminated Plaintiff's Agreement.

15. Following termination, Defendant refused to pay Plaintiff commissions on sales that had already been made or were generated as a direct result of Plaintiff's efforts prior to termination.

16. The Agreement does not state that Plaintiff's right to commissions ends upon termination, nor does it exclude commissions that come due after termination from being payable.

17. As a result of Defendant's conduct, Plaintiff has suffered financial loss, including unpaid commissions that remain due and owing.

## CAUSES OF ACTION

### Count I: Breach of Contract

18. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

19. Defendant entered into a valid and enforceable contract with Plaintiff for the performance of professional services.

20. Plaintiff fully performed his obligations under the agreement.

21. Defendant breached the agreement by failing to provide monthly reports as required by the Agreement and failing to pay Plaintiff commissions earned on sales procured through his efforts.

22. As a direct and proximate result of Defendant's actions, Plaintiff has sustained and will sustain damages believed to be in excess of $75,000.

## Count II: Quantum Meruit

23. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

24. Plaintiff conferred valuable services on Defendant by promoting and selling its Increte Products and securing customer relationships, including the multi-year Lauren Concrete agreement.

25. Defendant knowingly accepted and benefited from these services under circumstances that reasonably notified Defendant that Plaintiff expected to be paid.

26. Defendant has failed to compensate Plaintiff for the reasonable value of his services, and it would be unjust for Defendant to retain the benefit without payment.

27. As a direct and proximate result of Defendant's actions, Plaintiff has sustained and will sustain damages believed to be in excess of $75,000.

## Count III: Unjust Enrichment

28. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

29. Plaintiff conferred a benefit upon Defendant by promoting and selling its Increte Products and securing customer relationships, including the multi-year Lauren Concrete agreement.

30. Defendant knowingly accepted and retained the benefit of those services without compensating Plaintiff the commissions he was owed.

31. Defendant was unjustly enriched by retaining the benefit of Plaintiff's sales efforts and commissions while refusing to pay him for those efforts.

32. As a direct and proximate result of Defendant's actions, Plaintiff has sustained and will sustain damages believed to be in excess of $75,000.

## Count IV: Violation of Ohio Rev. Code § 1335.11

33. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

34. At all relevant times, Plaintiff served as Defendant's "sales representative" within the meaning of Ohio Rev. Code § 1335.11(A), in that Plaintiff was an independent contractor who solicited wholesale orders for Defendant's products and was entitled to commissions in exchange for such services.

35. Plaintiff and Defendant entered into an Agreement under which Plaintiff was to procure sales of Defendant's Increte Products and, in return, Defendant agreed to pay Plaintiff commissions on all qualifying sales.

36. Plaintiff successfully generated and procured sales on Defendant's behalf prior to termination of the Agreement, thereby earning commissions pursuant to the terms of the Agreement and Ohio law.

37. Following termination, Defendant refused and failed to pay Plaintiff the commissions owed.

38. Pursuant to Ohio Rev. Code § 1335.11, commissions due to a terminated sales representative must be paid within thirty (30) days after the date they become due.

39. Defendant's failure to timely pay Plaintiff the commissions owed constitutes a violation of Ohio Rev. Code § 1335.11.

40. As a direct and proximate result of Defendant's statutory violation, Plaintiff has sustained and will sustain damages believed to be in excess of $75,000, including all unpaid commissions owed under the Agreement.

41. Pursuant to Ohio Rev. Code § 1335.11(D), Plaintiff is also entitled to exemplary damages up to three times the amount of commissions wrongfully withheld.

42. Plaintiff is further entitled to recover reasonable attorneys' fees and costs incurred in prosecuting this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff hereby demands judgment against Defendant as follows:

1. Damages for his unpaid commissions in excess of $75,000;

2. Treble damages under Ohio Rev. Code § 1335.11(D);

3. An award of pre- and post-judgment interest according to law;

4. An order requiring Defendant to give Plaintiff a full accounting, in the form of the monthly reports he was entitled by contract to receive, of all revenue generated in his territory from the sale of Increte Products.

5. An award of his reasonable attorneys' fees and costs; and

6. For all other and further relief, in law or equity, as this Court may deem appropriate and just.

*/s/ Matthew S. Okiishi*
Matthew S. Okiishi (0096706)
Stephen E. Imm (PHV pending: 0040068)
Finney Law Firm, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, OH 45245
(513) 943-6659
(513) 797-2856
(513) 943-6669-fax
Matt@finneylawfirm.com
Stephen@finneylawfirm.com

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

*/s/ Matthew S. Okiishi*
Matthew S. Okiishi (0096706)
